UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AYANNA GREENE,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE LLC, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-5424 (KMW-SAK)<br><br>MEMORANDUM OPINION AND<br>ORDER |

THIS MATTER comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her monthly income is $250.00 and her expenses total to $200 per month. IFP Application ¶¶ 1, 8. Plaintiff notes that she is currently homeless and self-employed, does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff's income barely covers her monthly expenses, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice for failing to state a claim.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

To state a claim under the Fair Debt Act, (of which 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692b(5) are part), a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as defined by the Fair Debt Act, and (4) the defendant has violated a provision of the [Fair Debt Act] in attempting to collect the debt." *See Sanders v. Am. Coradius Int'l LLC*, No. 22-2652, 2023 WL 8369230 at *2 (D.N.J. Dec. 4, 2023) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)) (internal quotations omitted).

Under 15 U.S.C. § 1692d(5),[1] debtors are prohibited from certain conduct that is intended to be harassing or abusive such as: using or threatening to use violence, using obscene or profane language, making a debtor's status public by publishing a list of consumers who refuse to pay debt, or advertising the sale of debt to coerce payment thereof, and calling a consumer repeatedly with the intent to annoy, abuse, or harass. *Devoe v. Frontline Asset Strategies, LLC*, No. 23-10069, 2024 WL 2045642 at *7 (D.N.J. May 7, 2024).

---

[1] 15 U.S.C. § 1692d(5) states in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: [. . .] Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

2

The explicitly prohibited act of "continuously" calling in § 1692d(5) is defined as "making a series of telephone calls, one right after the other, and repeatedly means calling with excessive frequency under the circumstances." *Sanders*, 2023 WL 8369230 at *2. However, "[a] remarkable volume of telephone calls is permissible without a violation occurring." *Id.* at * 3 (internal citations and quotations omitted). There is no precise "test" to determine a debt collector's intent, rather the Court is instructed to look at the volume, frequency, pattern, and substance of the calls. *Id.*

Here, Plaintiff alleges violations of 15 U.S.C. § 1692d(5) against several Defendants:

- Defendant Capital Management Services, LP for calling Plaintiff "multiple times," describing one phone call on March 8, 2024, and noting that she received a letter that indicated it was a collection notice on the outside envelope in the beginning of April 2024, purportedly violating 15 U.S.C. § 1692b(5)[2];

- Defendant First Source Advantage LLC for calling Plaintiff three separate times during her work hours on April 10 and 18 of 2024 regarding a debt, two of which occurred after she told the caller that she could not accept personal calls during work hours; and

- Defendant AllianceOne Receivables Management, Inc. for texting Plaintiff on August 7 and 8 of 2024 regarding a debt, despite Plaintiff responding to the first message stating "I refuse to pay the alleged debt."

With regard to Defendant Capital Management Services, LP, Plaintiff fails to give the Court sufficient facts to determine whether § 1692d(5) was violated by Defendant calling "multiple times." Plaintiff only describes two calls, with minimal description, with no indicia of abuse or

---

[2] 15 U.S.C. § 1692b(5) states in pertinent part: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—[. . .] not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt."

3

coercion by Defendant. Such a threadbare description of the actions of Defendant preclude the Court from analyzing the volume, frequency, pattern, and substance of the calls in order to determine whether § 1692d(5) was violated. *See Kaetz v. Educ. Credit Mgmt. Corp.*, No. 16-9225, 2019 WL 4745289 at *5 (D.N.J. Sept. 30, 2019). Plaintiff also asserts that Defendant Capital Management Services, LP violated 15 U.S.C. § 1692b(5) when sending a collection notice to her home. However, Plaintiff does not describe with sufficient specificity for this Court to determine if the appearance of the collection notice violates § 1692b(5).

With regard to Defendants First Source Advantage LLC and AllianceOne Receivables Management, Inc., the conduct described in Plaintiff's Complaint does not rise to the level of a § 1692d(5) violation: there are no allegations of Defendants using abusive language, no allegations of Defendants making threats made against Plaintiff, nor are there any allegations of Defendant publishing Plaintiff's debt to others, and the frequency of calls and text messages are not the type of continuous "series of telephone calls, one right after the other, [] repeatedly[,]" "with excessive frequency under the circumstances" that would suggest to the Court that such behavior was intended to harass or abuse. *Sanders*, 2023 WL 8369230 at *3 (holding that 16 calls over a 30 day period was insufficient, without more, to demonstrate a violation of § 1692d(5) where courts have declined to find violations for calls ranging from 55 over a three-month period to 149 in a two-month period).

IT IS HEREBY on this 4th day of June, 2024,

**ORDERED** that Plaintiff's claims against Defendants Capital Management Services, LP, First Source Advantage LLC and AllianceOne Receivables Management, Inc., are **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend her Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge